IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,

     Plaintiff,                     No. CIV S-05-2134 MCE CMK P

  vs.

MARSHA ONA, et al.,

     Defendants                <u>ORDER</u>

          Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983, and has requested authority to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently before the court is plaintiff's "Notice on Status of Case," which was filed on February 7, 2006.

          On January 4, 2006, the court issued an order granting plaintiff until February 3, 2006 to file a completed affidavit in support of his motion to proceed in forma pauperis and a copy of his prison trust account statement. The court also advised plaintiff that if he failed to file an amended complaint by February 3, 2006, it would assume that plaintiff chose to proceed on the complaint filed October 24, 2005.

1   In plaintiff's February 7, 2006 filing, he states that the prison officials have yet to
2 provide him with a copy of his prison trust account statement.  He states that he has notified
3 prison officials of his February 3, 2006 deadline for filing his trust account statement.  Plaintiff
4 believes that the Litigation Coordinator is holding his trust account statement.  Plaintiff further
5 states that his legal property is being held by prison officials, which is preventing him from filing
6 an amended complaint.  Plaintiff seeks to "stay" these proceedings or have the court "order via
7 injunction for prison officials to physically return...all property confiscated on November 27,
8 2005."
9   A review of the docket reveals that plaintiff filed a completed affidavit along with
10 a certified copy of his trust account statement on February 8, 2006.  Accordingly, his concerns
11 regarding his trust account statement are now moot.
12   Plaintiff's request for a stay of the proceedings or an order for prison officials to
13 return his confiscated materials is unnecessary at this time.  Plaintiff has not made a showing that
14 prison officials are interfering with his right of access to the court.  See Lewis v. Casey, 518 U.S.
15 343, 346 (1996).  Further, in order to effectively manage its docket, the court cannot dely the
16 proceedings in plaintiff's case.  As plaintiff's trust account statement has now been filed, the
17 court must move forward with screening the complaint filed in this action.  Plaintiff is reminded
18 that, despite the court moving forward with his action, he is not foreclosed from filing an
19 amended complaint.  The Federal Rules of Civil Procedure allow plaintiff to amend his pleading
20 once as a matter of right at any time before a responsive pleading is filed.  See Fed. R. Civ. P
21 15(a).
22 ///
23 ///
24 ///
25 ///
26 ///

2

Accordingly, IT IS ORDERED:

1. Plaintiff's concerns about his certified trust account statement expressed in his "Notice of Status of Case" (doc. 11) are moot; and

2. Plaintiff's request for a stay of the proceedings or an order for prison officials to return his confiscated materials in his "Notice of Status of Case" (doc. 11) is denied.

DATED: February 16, 2006.

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE