IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,

      Plaintiff,                               No. CIV S-05-2134 MCE CMK P

      vs.

MARSHA ONO, et al.,

      Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel who alleges that defendants have been deliberately indifferent to his medical needs and have continually denied him medical care. On April 25, 2006, the court filed findings and recommendations recommending dismissal of several named defendants. In light of plaintiff's objections filed May 25, 2006, the court VACATES the April 25, 2006 findings and recommendations and issues the following order.

        On February 28, 2006, the court found that plaintiff had stated a cognizable complaint against some of the defendants named in this action, but had failed to state a cognizable claim against several others. The court stated that plaintiff would be given thirty day to file an amended complaint, and that failure to file an amended complaint would result in a recommendation that the defendants against whom plaintiff failed to state a claim be dismissed

1

from this action.

Plaintiff failed to file an amended complaint.  Accordingly, on April 25, 2006, the court filed a recommendation that those defendants be dismissed from this action.  On May 11, 2006 plaintiff filed objections to the findings and recommendations, which noted that the court had failed to address, in any of its orders, plaintiff's claims against defendants Monte Penner, Elaine Mill and Dr. O'Brian.

Plaintiff is correct that the court inadvertently neglected to address plaintiff's claims against these three defendants.  Accordingly, the court will re-screen plaintiff's complaint and give him another opportunity to file amended complaint.

## I. Background

Plaintiff brings this action against Monte Penner, M.D., Neil Hirsch, Bernard Kordan, M.D., Baughman, M.D., J. Moor, M.D., I. Baroyal, M.D., Salvatore A. Latteri, M.D., T.Vo, M.D., Richardo S. Centeno, M.D., Andrew Lucine, M.D., George Parkerinson, M.D., Nelson Parker, M.D., Marsha Ono, M.D., D. Thor, M.D., Norris Hollie, M.D., C.M. Hynum, M.D., J.M Krossa, Elaine Hill, Dr. O'Brian, and John/Jane Doe.  Plaintiff alleges that defendants have been deliberately indifferent to his medical needs and have continually denied him medical care.  When plaintiff was housed at Salinas Valley State Prison in 1999, he was attacked by several other inmates, causing injury to his shoulder.  Plaintiff alleges that he was initially given medical attention by a medical technical assistant but that the severity of his shoulder injury was not acknowledged or recognized by medical staff.  Plaintiff states that his complaints about pain in his shoulder were ignored by prison medical staff.  Plaintiff alleges that he was in daily "agony and pain" and endured many "stress filled sleepless nights."  Plaintiff states that the delay in surgically repairing his injury resulted in a permanent loss of mobility to his shoulder.

## II. Standard of Review

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See  28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Discussion**

Deliberate indifference to a prisoners serious injury states a cause of action under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary or wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

1  1992).  Delay of, or interference with, medical treatment can also amount to deliberate
2  indifference.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).
3           While deliberate indifference to a serious injury or failure to provide medical
4  treatment may state a claim cognizable in a civil rights action, a plaintiff must connect the named
5  defendants clearly with the claimed denial of his rights. See  Farmer v. Brennan, 511 U.S. 825,
6  837, 843 (1994) (official's liability for deliberate indifference to assault requires that official
7  know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)
8  ("liability under section 1983 arises only upon a showing of personal participation by the
9  defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.");
10 Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection"
11 in section 1983 cases between named defendant and claimed injury);  Barren v. Harrington, 152
12 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege
13 facts, not simply conclusions, that show that an individual was personally involved in the
14 deprivation of his civil rights.").
15          Construing the complaint in a light most favorable to plaintiff, the court finds that
16 plaintiff states a colorable claim for relief against defendants Nelson M. Parker, M.D., Marsha
17 Ona, M.D., Andrew Lucine, M.D.,, Ricardo S. Centeno M.D., and Neil Hirsch M.D., and Elaine
18 Hill pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  However, the court cannot
19 determine from the complaint what role, if any, defendants Bernard Kordon, M.D., Baughman,
20 M.D., J. Moor, M.D.,I. Baroyal, M.D., Salvatore A. Latteri, M.D., T. Vo, M.D.,
21 George Parkinson, M.D., D.Thor, M.D., Norris Hollie, M.D., C.M. Hynum, M.D., J.M. Kaossa,
22 Dr. O'Brian or John/Jane Does played in the alleged deprivation of plaintiff's rights.
23          Plaintiff fails to discuss any causal connection between the other named
24 defendants and his alleged injuries.  For example, plaintiff states in his complaint that "x-rays
25 were ordered by Dr. Baughman and completed on December 26, 2001, however the results were
26 never disclosed [to plaintiff] until [he] filed a grievance...."  Such a statement does not establish a

causal connection between Dr. Baughman and plaintiff's alleged injuries.  Plaintiff states "while at C.C.I. Tehachari...nothing was done to alleviate the suffering.  They just delayed treatment and allowed [exacerbation], further aggravation."  This statement does not tell the court, or give notice to defendants, who "they" is.  Conclusory statements that a defendant was deliberately indifferent and deprived plaintiff of medical care do also do not meet the pleading requirements.  In short, plaintiff must detail in his complaint how each named defendant acted indifferently to his medical needs and/or denied plaintiff medical care.

Because plaintiff fails to state a cognizable claim against all named defendants, the court will dismiss his complaint, in its entirety, with leave to amend.  Plaintiff is cautioned that should he fail to file an amended complaint, the court will recommend that this action be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend within thirty days from the date this order is filed.

2. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: May 25, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE