1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTHONY E. MACK,                          No. CIV S-05-2134-MCE-CMK-P

12              Plaintiff,

13         vs.                                   FINDINGS AND RECOMMENDATIONS

14    MARSHA ONA, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   Pending before the court is plaintiff's motion for a temporary injunction

19    (Doc. 78).

20              In his motion, plaintiff raises allegations of retaliation, denial of access to the

21    courts, and possible due process violations.  The only individuals plaintiff names in his motion

22    are a Lt. Finley, who apparently found plaintiff guilty of a rules violation, and Sgt. Morrison,

23    who was allegedly involved in the retaliation.  Plaintiff does not ask for any specific remedy, just

24    expresses to the court that he is being treated poorly.

25    / / /

26    / / /

1

1          The legal principles applicable to requests for injunctive relief, such as a

2  temporary restraining order or preliminary injunction, are well established.  To prevail, the

3  moving party must show either a likelihood of success on the merits of the underlying

4  controversy and the possibility of irreparable injury, or that serious questions are raised and the

5  balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.

6  Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762

7  F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale

8  with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762

9  F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate

10  that there exists a significant threat of irreparable injury.  See id.  In the absence of a significant

11  showing of possible irreparable harm, the court need not reach the issue of likelihood of success

12  on the merits.  See id.  The loss of money, or an injury whose measure of damages can be

13  calculated in terms of money, will not be considered irreparable.  See id. at 1334-35.

14          The standard for a temporary restraining order is essentially the same.  The

15  purpose in issuing a temporary restraining order is to preserve the status quo pending a more

16  complete hearing.  The cases contain limited discussion of the standards for issuing a temporary

17  restraining order due to the fact that very few such orders can be appealed prior to the hearing on

18  a preliminary injunction.  It is apparent however, that requests for temporary restraining orders

19  are governed by the same general standards that govern the issuance of a preliminary injunction.

20  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

21  J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.

22  1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368

23  (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the

24  balance of hardships because the merits of a controversy are often difficult to ascertain and

25  adjudicate on short notice.

26  / / /

1   　　　　Eastern District of California Local Rules impose additional requirements for a

2   motion for a temporary restraining order.  First, the court will consider whether the moving party

3   could have sought relief by a noticed motion for a preliminary injunctive at an earlier date

4   without the necessity of seeking last-minute relief by motion for a temporary restraining order.

5   See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the

6   court in support of the requested temporary restraining order.  See Local Rule 65-231(c).

7   　　　　Finally, in cases brought by prisoners involving conditions of confinement, any

8   temporary restraining order or preliminary injunction must be narrowly drawn, extend no further

9   than necessary to correct the harm the court finds requires preliminary relief, and be the least

10  intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

11  　　　　The instant action relates to the medical treatment plaintiff received at several

12  prisons, except his current place of incarceration.  His motion relates to retaliation and denial of

13  access to the court  he is experiencing at his current place of confinement.  Plaintiff's motion

14  does not name any of the individuals named as defendants in this action.  In fact, plaintiff only

15  names two individuals in his motion, even though it is clear from his motion that the allegations

16  relate to his treatment by several individuals.  Neither of the individuals named in plaintiff's

17  complaint are defendants in this action.

18  　　　　This court is unable to issue an order against individuals who are not parties to a

19  suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112

20  (1969).  Plaintiff's request must, therefore, be denied.[1]

21  　　　　However, to the extent plaintiff is having difficulties meeting the deadline to file

22  his opposition to the pending motion to dismiss, plaintiff may inform the court of any further

23  difficulties he incurs and may request additional time to respond.  The court has already granted

24

25  　　　[1]　　This denial should be without prejudice to plaintiff's ability to bring a separate
action against the parties who are denying plaintiff access to the court and retaliating against him
26  if he believes his constitutionally protected rights are being violated.

1   plaintiff additional time to respond.  His response is currently due on or before October 15, 2008.

2   If plaintiff believes he needs additional time, a request for an extension of time may be

3   considered for good cause shown.

4              Based on the foregoing, the undersigned recommends that plaintiff's request for

5   injunctive relief be denied.

6              These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

8   after being served with these findings and recommendations, any party may file written

9   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10  Findings and Recommendations."  Failure to file objections within the specified time may waive

11  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13   DATED:  October 8, 2008

14

15                                                    CRAIG M. KELLISON
                                                      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26