IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,

    Plaintiff,                      No. CIV S-05-2134-MCE-CMK-P

  vs.

MARSHA ONA, et al.,           FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' motions to dismiss (Docs. 45, 50, 53, 70).[1] Plaintiff has filed responses in opposition (Docs. 56, 62)[2] and a motion for leave to file an amended complaint (Doc. 66).

---

    [1] Plaintiff takes issue with the defendants filing four separate motions to dismiss, three of which were identical in essentials. Plaintiff fails to take into consideration that each of the defendants were served separately, at separate times and their response to the complaint were due at different times. At the time the first motion to dismiss was filed, several of the other defendants had not yet been served. The later filed motions were filed on behalf of those defendants after service of process had been accomplished. As they all raise similar issues, the court will consider the motions together.

    [2] Plaintiff did not file a response in opposition to defendant Centeno's motion to dismiss.

1

A. FACTS

Plaintiff's original complaint was filed on October 24, 2005. Plaintiff requested leave to file an amended complaint, which was granted on November 21, 2005. However, no amended complaint was filed. The court then dismissed the original complaint, with leave to amend, on May 26, 2006. Plaintiff filed a first amended complaint on June 23, 2006. In his amended complaint plaintiff named the following nineteen defendants: Monte Penner, J. Turella, Dr. O'Brian, Neil Hirsch, Bernard Kordan, J. Moor, Baughman, I. Baroya, Salvatore Latteri, T. Vo, Ricardo S. Centeno, Andrew Lucine, Marsha Ona, George Parkinson, Nelson Parker, Norris Hollie, C. Hynum, D. Thor, and J. Krossa. The gist of plaintiff's complaint is that he injured his shoulder during a prison altercation with other inmates. He claims the defendants were deliberately indifferent to the severity of his injury; that due to the defendants' deliberate indifference, necessary medical care was delayed; and the delay resulted in further injury to his shoulder. He alleges he received inadequate medical care from medical providers at three separate institutions, including delayed medical treatment, defective treatment, deliberate mis-diagnoses and deliberately mis-read x-rays. The court found service appropriate for all of the named defendants.

Defendants Baughman, Hollie, Hirsch, Kordan, Krossa, Lucine, O'Brian, Parkinson, Thor, Turella, Vo, Baroya, Hynum, and Centeno have filed motions to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b) based on the running of the statute of limitations. Defendant Centeno's has also alleged failure to state a claim. Defendant Penner filed an answer on May 2, 2008 (Doc. 63). Defendants Ona, Parker, Moor, and Latteri have not yet appeared in this action.[3]

---

[3] Plaintiff has been ordered to provide additional information on these defendants in order to effect service of process. Plaintiff has submitted additional information on defendant Latteri which will be addressed in a separate order. The court was informed that defendant Moor is deceased, and plaintiff was ordered to seek substitution of defendant Moor. Plaintiff has not done so. Defendant Ona remains unserved. Plaintiff has indicated defendant Parker is also deceased.

1         B.    MOTION TO DISMISS

2         In considering a motion to dismiss, the court must accept all allegations of
3 material fact in the complaint as true. See Erickson v. Pardus, 127 S. Ct. 2197 (2007). The court
4 must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v.
5 Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183
6 (1984); see also Hospital Bldg. Co. v. Rex Hospital Tr., 425 U.S. 738, 740 (1976); Barnett v.
7 Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must be
8 resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pro se
9 pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v.
10 Kerner, 404 U.S. 519, 520 (1972). "The issue is not whether a plaintiff will ultimately prevail
11 but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S.
12 at 236.

13         In order to survive dismissal for failure to state a claim, a complaint must contain
14 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
15 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
16 Twombly, 127 S. Ct. 1955, 1964-65 (2007). Allegations of specific facts are not necessary so
17 long as the statement of facts gives the defendant fair notice of what the claim is and the grounds
18 upon which it rests. See Erickson, 127 S. Ct. at 2197.

19         To determine whether a complaint states a claim upon which relief can be granted,
20 the court generally may not consider materials outside the complaint and pleadings. See Cooper
21 v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.
22 1994). The court may, however, consider: (1) documents whose contents are alleged in or
23 attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;
24 (2) documents whose authenticity is not in question, and upon which the complaint necessarily
25 relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,
26 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

### 1. Statute of Limitations

Plaintiff claims the medical care, or lack thereof, he received relating to his January 1999 shoulder injury violated his Eighth Amendment rights protecting him from cruel and unusual punishment. He claims the defendants were deliberately indifferent to his serious medical needs from the date of his injury in January 1999, through the time of his surgery, which occurred in December 2004. His allegations include the actions of medical providers at three separate institutions: Salinas Valley State Prison (SVSP) (where plaintiff was incarcerated between January 16, 1999 and May 14, 2001); California Correctional Institution (CCI) (where plaintiff was incarcerated between May 14, 2001 and July 10, 2003); and California State Prison-Sacramento (CSP-Sac) (where plaintiff was incarcerated from July 10, 2003 through the dates relevant in this action). Plaintiff specifies that defendants Hollie, Krossa, Lucine, Ona, Parkinson, Parker, Thor, and Hynum were involved with his medical care during the time he was incarcerated at SVSP (referred to as a group as "SVSP defendants"). He alleges defendants Baroya, Baughman, Hirsch, Kordan, O'Brien, Vo, Latteri, Moor and Centeno were involved with his medical care during his time at CCI; and defendants Penner and Turella were involved with his medical care while he was at CSP-Sac.

Defendants argue that all of plaintiff's claims are barred by the statute of limitation. They claim that plaintiff's allegations of constitutional violations occurred outside the applicable one- or two-year statute of limitations. They also argue that because plaintiff is serving a life sentence, he is not entitled to any tolling provisions. Plaintiff filed his original complaint on October 24, 2005. The last overt act plaintiff alleges in his amended complaint occurred on October 6, 2003, more than two years before plaintiff filed this action.

///

///

1    A statute of limitations defense may be raised by a motion to dismiss if the
2 running of the statute is apparent on the face of the complaint.  See Jablon v. Dean Witter & Co.,
3 614 F.2d 677, 682 (9th Cir. 1980).  Leave to amend must be granted "[u]nless it is absolutely
4 clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248
5 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en
6 banc).

7    For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is
8 California's statute of limitations for personal injury actions.  See Wallace v. Kato, 127 S. Ct.
9 1091, 1094-95 (2006); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los
10 Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  State tolling statutes also apply to
11 § 1983 actions.  See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490
12 U.S. 536, 543-44 (1998)).  "Although state law determines the length of the limitations period [in
13 § 1983 actions], 'federal law determines when a civil rights claim accrues.'"  Azer v. Connell,
14 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 212 F.3d 1151,
15 1153-54 (9th Cir. 2000)).  "Under federal law, a claim accrues when a plaintiff knows or has
16 reason to know of the injury which is the basis of the action."  Id. (citations omitted).  "Once a
17 person has information sufficient to put a reasonable person on notice, the limitations period
18 begins to run.  See Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citations omitted).

19    Before January 1, 2003, the statute of limitations for personal injury actions was
20 one year.  See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 911, 914 (9th
21 Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation period specified in
22 § 340(3)).  The personal injury statute of limitation was extended by passage of California Code
23 of Civil Procedure § 335.1 to two years, effective January 1, 2003.  See Canatella v. Van De
24 Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1).  The extension
25 of this statute of limitations, however, does not apply retroactively to claims which were already
26 barred under one-year limitation period specified in § 340(3), plus any statutory tolling, as of the

5

effective date of January 1, 2003.  See Fink, 192 F.3d at 955 (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)).

At the time Elliott was decided – 1994 – California Code of Civil Procedure § 352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."  That tolling, however, only applies if the disability of incarceration existed at the time the claim accrued.  See Elliott, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357).  Pre-conviction incarceration qualifies.  See id.  By the time Fink was decided – 1999 – the California tolling provision for the disability of incarceration had been amended.  Specifically, California Code of Civil Procedure § 352.1, which became effective January 1, 1995,  provides prisoners with only two years of tolling.  See Fink, 192 F.3d at 914.  Prior to the effective date of § 352.1, prisoners enjoyed tolling for the entire time of sentences less than life.  See id.  The Ninth Circuit in Fink concluded that § 352.1 applies retroactively.  See id. at 915.  Thus, for § 1983 claims which accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or until January 1, 1997, whichever is later.  See Fink, 192 F.3d at 916.  The tolling provisions of § 352.1 are applicable to California inmates, including those serving a life sentence.  See Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (citing Grasso v. McDonough Power Equip., Inc., 70 Cal. Rptr. 458, 459-60 (Cal. Ct. App. 1968)).

Under these rules, prisoner civil rights claims which accrue after January 1, 2003, are subject to the two-year limitations period specified in § 335.1 and this time is tolled for two years under § 352.1, for an effective limitations period of four years.

In cases where the plaintiff alleges ongoing violations, claims outside the limitations period which relate to claims within the limitations period may nonetheless be actionable under the continuing violation doctrine.  In an employment discrimination case, the Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  Nat'l R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 113 (2002). However, where the plaintiff asserts claims resulting from an alleged ongoing policy of discrimination, the continuing violation doctrine applies. See Gutowsky v. County of Placer, 108 F.3d 256, 259-60 (9th Cir. 1997). In Gutowsky, the plaintiff had alleged "that the widespread policy and practices of discrimination of which she complains continued every day of her employment, including days that fall within the limitation period." Id. at 260. Thus, there needs to be an allegation that the specific acts alleged are instances of some broader policy. See id.; see also Cholla Ready Mix Co. v. Civish, 382 F.3d 969, 974-5 (9th Cir. 2004) (citing Morgan, 536 U.S. at 113-14), Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 445 (7th Cir. 1994) ("[T]he purpose of permitting a plaintiff to maintain a cause of action on the continuing violation theory is to permit the inclusion of acts whose character as discriminatory acts was not apparent at the time they occurred.").

Here, plaintiff alleges the medical providers were deliberately indifferent to his medical condition from January 1999 through December 2004. His claims arise from the actions of medical providers from three separate prisons during this time frame. Plaintiff alleges that the actions of the individual medical providers were part of an ongoing conspiracy to deprive him of appropriate medical treatment.

Pursuant to California state law, without the application of the tolling statute, all of plaintiff's claims would be barred by the statute of limitations. Plaintiff's allegations arise from actions dating back to January 1999. The last overt act alleged in plaintiff's amended complaint occurred on October 6, 2003. For those acts occurring prior to January 1, 2003, the statute of limitations would have been one year. For those occurring after January 1, 2003, the statute of limitations would have been two years. Plaintiff filed his original complaint on October 24, 2005. Accordingly, without the benefit of tolling, any claim arising prior to October 24, 2003, which would include all of plaintiff's claims, would be barred by the statute of limitations. See Cal. Code Civ. Proc. § 335.1. However, the court cannot ignore the tolling provisions of § 352.1.

Plaintiff, who is apparently serving a sentence of life with the possibility of parole, is entitled to the tolling provisions of § 352.1.  See Martinez, 137 F.3d at 1126. Accordingly, plaintiff benefits from essentially a four year statute of limitations period.  He filed his original complaint on October 24, 2005.  Therefore, any claim arising after October 24, 2001, is not barred by the statute of limitations.  This includes the claims arising from plaintiff's time at CCI and CSP-Sac.  However, those claims arising from his medical treatment at SVSP, which all occurred prior to October 24, 2001, would be barred by the statute of limitations.

In his opposition to the motions to dismiss, plaintiff argues that none of his claims are barred by the statute of limitations because they are part of a continuous violation.  The court does not agree.  Plaintiff sets forth specific acts by specific defendants on specific dates.  Each action, or inaction, alleged constitutes a separate and distinct claim.  This is not a case wherein the actions occurred over a period of time making it difficult to pinpoint the exact date the violation occurred.  Nor is this a case wherein plaintiff had no reason to know his rights were being violated until a series of such acts established a pattern.  Plaintiff was aware of the actions of the defendants, and clearly believed from the beginning that his rights were being violated. For example, he began filing medical appeals prior to October 1999.  (See Doc. 24 at 7).  In addition, he stated in his amended complaint that a medical consultant in May 2001 found that he was in need of surgery, providing him medical support for his claim.  Yet he still waited until October 2005, clearly more than fours years after obtaining this "evidence," before filing this action.

Plaintiff's claims are insufficient to state an ongoing policy of discrimination.  His allegations that the medical providers were conspiring to cover each other's incompetence are vague and conclusory at best.  He fails to allege any facts which could lead the court to find any broad policy of the medical providers at three different institutions, to deny him medical treatment.  In addition, if all he is alleging is incompetence, his claims would not raise to the level of a constitutional violation.  Incompetence may be equivalent to medical malpractice or

negligence, but not cruel and unusual punishment.

The claims arising from the actions of the SVSP defendants are outside the applicable statute of limitations. Even with the applicable tolling available through § 352.1, plaintiff failed to file his complaint within the limitations period. Plaintiff also alleges that he had to wait until he had verifiable medical evidence before he could bring this action. However, assuming plaintiff is correct, he alleged in his amended complaint that he had the "verifiable medical evidence" as of May 2001 when the medical consultant found he was in need of surgery. Yet he failed to file this action until October 2005. Accordingly, the statute of limitations bars plaintiff's claim for relief against the SVSP defendants, and they should be dismissed from this action.

However, the actions of the other defendants are alleged to have occurred after October 2001. Plaintiff was transferred to CCI in May 2001, but apparently did not receive any medical treatment at CCI for several months, until additional x-rays were ordered in December 2001. It does not appear from the allegations in the amended complaint, therefore, that any of plaintiff's other claims are subject to dismissal as barred by the statute of limitations.

### 2. Injunctive Relief/State Law Claims

Defendants also allege that any claims for injunctive relief or medical malpractice damages are not subject to the tolling provisions of § 352.1, and therefore should be dismissed as barred by the two year statute of limitations. Plaintiff does not address this contention in his opposition. Section 352.1(c) states "[t]his section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement . . . ." Defendants argue, therefore, that any claim plaintiff makes for injunctive relief or medical malpractice damages are barred by the statute of limitations.

///

///

The California courts interpreting § 352.1 have held that it is applicable to medical malpractice cases. See Kaplan v. Mamelak, 75 Cal. Rptr. 3d 861, 864-65 (Cal. Ct. App. 2008) (citing Belton v. Bowers Ambulance Serv., 978 P.2d 591, 593-94 (Cal. 1999)). Therefore, to the extent plaintiff is alleging damages for medical malpractice, if any, occurring after October 24, 2001, those allegations are not barred by the statute of limitations.

As to plaintiff's request for injunctive relief, defendants argue § 352.1 does not apply to toll the statute of limitations. There does not appear to be any state court decision interpreting this statute as applied to injunctive relief. A plain reading of the statute indicates that the tolling provisions are only applicable to actions to recover damages. Accordingly, tolling of the statute of limitations is not applicable to any request for injunctive relief. In order for plaintiff to obtain injunctive relief on any of his claims, he was required to file his complaint within two years of the accrual of his claim, or no later than October 6, 2005. His complaint was not filed until October 24, 2005, just after the expiration of the statute of limitations. Accordingly, any request for injunctive relief should be barred by the statute of limitations.

### 3. Failure to State a Claim

Defendant Centeno also claims plaintiff's complaint fails to state a claim against him. As to Dr. Centeno, plaintiff's complaint alleges he read an MRI in October 2002 incorrectly. (Doc. 24 at 12). Plaintiff alleges that as a result of Dr. Centeno's interpretation of his MRI, that his shoulder was essentially normal, he sustained additional damage which had to be removed during surgery. In addition, plaintiff alleges that Dr. Centeno's interpretation of his MRI was "made in the interest of the department of corrections, specifically the medical staff and [he] did not want to go against the scheme on previous x-ray reports." (Doc. 24 at 12).

Although his allegations relating to Dr. Centeno are somewhat vague, read in the light most favorable to plaintiff, plaintiff sufficiently states a claim that Dr. Centeno may have been deliberately indifferent to his medical needs. Plaintiff alleges that Dr. Centeno's reading of his MRI was done in the interest of the prison, not plaintiff's medical needs. Plaintiff has stated

his x-rays, etc., were deliberately mis-read. Whether plaintiff can prove his allegations is not before the court on a motion to dismiss. Plaintiff should be allowed an opportunity to provide what ever evidence he has, if any, in support of his allegations. Therefore, defendant Centeno's motion to dismiss for failure to state a claim should be denied.

### C.   MOTION TO AMEND

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id. A motion to dismiss pursuant to Rule 12(b)(6) is not a responsive pleading. See Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir. 1963).

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, plaintiff's motion is not accompanied by a proposed amended complaint. As a prisoner proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it as required by law. Plaintiff's motion for leave to amend must, therefore, be denied. This denial should be without prejudice, but plaintiff should be cautioned that any attempt to amend his

complaint to name additional defendants from his time at SVSP should be denied as the court has determined that those claims are barred by the statute of limitations, and are not subject to amendment.

### D.    UNSERVED DEFENDANTS

Four named defendants remain unserved: Ona, Parker, Latteri and Moor.[4] The court was informed that defendant Moor is deceased. Accordingly, on May 8, 2008, the court ordered plaintiff to seek a substitution of defendant Moor, pursuant to Rule 25(a)(1), within 90 days. Plaintiff was cautioned that failure to seek substitution would result in the dismissal of this action as against the deceased defendant. More than 90 days have expired and plaintiff has not provided the court with information on any individual he wishes to substitute in place of defendant Moor.

Federal Rule of Civil Procedure 25(a)(1) provides, in pertinent part: "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein . . . , the action shall be dismissed as to the deceased party." This language is mandatory in that dismissal is required where no timely motion for substitution is made. Because plaintiff has not sought substitution of defendant Moor within the 90-day period, dismissal of the action as against the deceased is required by the rules.

Service of process directed to defendant Latteri was returned unexecuted. Plaintiff was ordered on May 8, 2008, to promptly seek additional information sufficient to effect service on any unserved defendants and notify the court once such information was ascertained. Plaintiff filed a notice on November 19, 2008, providing the court with a new address for

---

[4] Defendants Ona and Parker are identified as unserved defendants. However, according to plaintiff's amended complaint, these two defendants provided plaintiff medical care at SVSP. As discussed above, the claims arising from the actions of the SVSP defendants are outside the applicable statute of limitations. Therefore, these two defendants should also be dismissed from this action, regardless of their unserved status.

defendant Latteri. Service of defendant Latteri will be addressed in a separate order.

### E. CONCLUSION

Plaintiff's amended complaint alleges the defendants were deliberately indifferent to his medical needs from January 1999 through December 2004. These claims are broken down based on his place of incarceration and the medical treatment he received from the medical providers at three different institutions, SVSP, CCI and CSP-Sac. His claims arising from the medical treatment he received while at SVSP (from January 16, 1999 through May 14, 2001) are barred by the statute of limitation, even applying the state tolling statute. However, his claims arising from his time at CCI (May 14, 2001 through July 10, 2003) and CSP-Sac (July 10, 2003 through at least December 2004), are not barred by the statute of limitations after applying the applicable tolling statute.

Plaintiff's amended complaint, read broadly and in the light most favorable to plaintiff, states a claim against defendant Centeno, that he was deliberately indifferent to his medical needs by deliberately mis-reading his MRI. As plaintiff's amended complaint sufficiently states a claim against defendant Centeno, and is not barred by the statute of limitations, Dr. Centeno's motion to dismiss should be denied.

Plaintiff's motion to file an amended complaint should be denied as plaintiff failed to submit a proposed second amended complaint for the court to evaluate. If plaintiff chooses to file a new motion for leave to file an amended complaint, he must submit a proposed complaint for the court to screen. He is also advised to limit his complaint to those claims which will not be barred by the statute of limitations (those arising after October 24, 2001). Finally, defendant Moor should be dismissed from this action for failure to substitute within the time allowed by the Federal Rules of Civil Procedure.

///

///

///

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 45) be granted in part and denied in part;

2. Defendant Baroya's motion to dismiss (Doc. 50) be denied;

3. Defendant Hynum's motion to dismiss (Doc. 53) be granted;

4. Defendant Centeno's motion to dismiss (Doc. 70) for failure to state a claim and statute of limitations be denied;

5. Defendants' motions to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations be granted, without leave to amend, as to those claims arising prior to October 24, 2001;

6. Defendants Hollie, Krossa, Lucine, Parkinson, Thor, Ona, Parker and Hynum, referred to as the SVSP defendants, be dismissed from this action, and the Clerk of the Court be directed to terminate these individuals as defendants to this action;

7. Defendants' motions to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations be denied as to those claims arising after October 24, 2001;

8. Defendant Moor be dismissed from this action for plaintiff's failure to substitute pursuant to Rule 25(a)(1), and the Clerk of the Court be directed to terminate this individual as a defendant to this action;

9. Plaintiff's claim for injunctive relief be dismissed as barred by the statute of limitations;

10. This action shall proceed on plaintiff's Eighth Amendment violation claims, and any state law claim for medical malpractice he may have raised, against defendants Baroya, Baughman, Hirsch, Kordan, O'Brien, Vo, Centeno, Turella, Latteri and Penner only; and

11. Defendants Baroya, Baughman, Hirsch, Kordan, O'Brien, Vo, Centeno and Turella be directed to file an answer within 20 days.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2008

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

15