IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,                       No. CIV S-05-2134-MCE-CMK-P

      Plaintiff,

  vs.                                  ORDER

MARSHA ONA, et al.,

      Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are motions for reconsideration (Docs. 106,[1] 109) of the Magistrate Judge's January 16, 2009, order.

///

///

---

[1] Plaintiff titled this document "Motion in Excess of Time to File Timely Objections, with Objections."  However, it is clear from the document that plaintiff is requesting the court reconsider the Magistrate Judge's decision denying him the appointment of counsel.  Accordingly, the court will construe the document as a request for reconsideration.

Pursuant to Eastern District of California Local Rule 72-303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court finds that it does not appear that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The January 16, 2009 order denying plaintiff the appointment of counsel is, therefore, affirmed.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The motions for reconsideration (Docs. 106, 109) are denied;
2. The Magistrate Judge's January 16, 2009, order is affirmed; and
3. No further motions for reconsideration of this order will be considered.

Dated: February 13, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Eastern District of California Local Rule 72-303(b), "rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten court days . . . from the date of service of the ruling on the parties." The order plaintiff is objecting to was filed on January 16, 2009. Therefore, plaintiff's time to request reconsideration expired on January 26, 2009. Plaintiff did not sign his current motion until January 28, 2009, which would make plaintiff's motion untimely. However, plaintiff has indicated in previous filings that he has a hand injury which may affect his ability to file documents in a timely manner. Although from his writing on this most recent filing, it appears his hand injury has improved, the court has considered the merits of his untimely request.

2