IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,                   No. CIV S-05-2134-MCE-CMK-P

      Plaintiff,

  vs.                               ORDER

MARSHA ONA, et al.,

      Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of counsel (Doc. 114). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Plaintiff has already requested, and was denied, the appointment of counsel. The court previously found the required exceptional circumstances do not exist in the present case at this time. Plaintiff's renewed motion does not alter this finding. His request for the

1

appointment of counsel will therefore be denied, but without prejudice to renewal, if appropriate, after any dispositive motions have been resolved. As previously ordered, plaintiff is reminded that if he finds he needs additional time to respond to a filing, request, and/or motion, the court will be willing to entertain such a request.

In addition, plaintiff has filed a motion for an extension of time to complete discovery (Doc 113) and a motion to compel (Doc. 115) . In his motion to extend the discovery cutoff date, petitioner indicates there remains unresolved issues with outstanding discovery. Pursuant to the scheduling order issued in this case, discovery commenced in November 2008. The current discovery cutoff date is May 1, 2009. Therefore, all requests for discovery should have been served no later than March 2, 2009, and there should be no further requests necessary. Thus, no extension of the discovery cutoff date should be necessary as to new discovery requests. Plaintiff's motion only indicates a problem with outstanding discovery, and the court interprets his request as needing additional time to file a motion to compel. However, plaintiff has filed a timely motion to compel, which should be sufficient to protect him against the discovery cutoff date as to those discovery requests previously made. Additional time for receiving the requested discovery can be addressed in relation to the motion to compel. The court does not see any reason to extend the discovery cutoff date. It may be necessary, however, to extend the dispositive motion cutoff date in order to have sufficient time to deal with the motion to compel and any outstanding discovery. The court, therefore, will request a response from the defendants as to both of the motions.[1]

///

---

[1] It appears to the court that the discovery dispute is between plaintiff and the Deputy Attorney General representing several of the defendants. The court notes that other defendants are represented by private counsel. Counsel for all defendants are welcome to file responses, however, if private counsel determines there is no need for a response on behalf of their client, no response is required. A response is required by the Attorney General's office, as plaintiff indicates the discovery dispute is related to responses due by those defendants so represented..

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of counsel (Doc. 114) is denied; and

2. Defendants are requested to file a response to plaintiff's motion for an extension of time (Doc. 113) and plaintiff's motion to compel (Doc. 115) within 20 days of the date of this order.

DATED: May 4, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE