IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | No. CIV S-05-2134-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MARSHA ONA, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for an extension of time to complete discovery (Doc 113) and motion to compel (Doc. 115) .  The court requested the defendants respond to these motions, which they have done (Docs. 124, 125).  Plaintiff filed a reply to the opposition (Docs. 128, 129).  In addition, Plaintiff has filed a second motion to compel (Doc. 126) seeking sanctions and an entry of judgment.  No response to the second motion has been requested.[1]

---

[1] Defendants filed oppositions to Plaintiff's motion.  The oppositions do not change the court's analysis, except that they object to the motion on the basis of timeliness.  Defendants are correct that the second motion is untimely, which provides another basis for the denial.

1

As the court indicated in its previous order, the scheduling order allowed discovery to commence in November 2008.[2] It also set a discovery cutoff date of May 1, 2009, which meant all requests for discovery should have been served no later than March 2, 2009. Plaintiff's motion for an extension of time to complete discovery only indicated a problem with outstanding discovery. At that time, Plaintiff did not indicate a need for additional discovery, nor did he claim that he sent any untimely discovery requests. In his second motion to compel (Doc. 126), Plaintiff indicates that he did in fact send out a second set of discovery requests after the deadline imposed by the scheduling order. The responding defendants apparently claimed the discovery was untimely, and declined to respond. However, Plaintiff claims that the defendants are intentionally misdirecting mail addressed to him, sending correspondence to the wrong prison.

To the extent Defendants are sending correspondence to Plaintiff at the wrong prison, the court notes this issue has previously been raised, and Defendants were admonished for not communicating with Plaintiff at the prison where he is incarcerated. See Doc 48 (discussing that Plaintiff was served with a motion to dismiss at CSP-Sacramento even though as of March 2007, Plaintiff was transferred to CSP-Corcoran).[3] Defendants are again admonished for their failure to correspond with Plaintiff at his current place of confinement. Defendants are

/ / /

---

[2] Defendants raise an issue with discovery opening prior to this case being at issue. However, Defendants fail to acknowledge that Defendant Penner filed an answer on May 2, 2008 (Doc. 63). While the discovery order was issued prior to the final order on the motion to dismiss, the case was placed at issue by Defendant Penner's answer. In addition, although the final order had not issued, the Defendants were put on notice that the undersigned had recommended this case proceed against a number of defendants, and counsel could have made contact with those individuals prior to the final order issuing. In fact, such action on counsel's part would have been prudent given the time frame set forth in the scheduling order.

[3] The court acknowledges there are several defendants in this case, and they are represented by separate counsel. The previous admonishment was directed to different counsel than the one now addressed. However, all counsel are advised to be diligent in making certain that Plaintiff is correctly served with all pleadings and correspondence.

directed to serve Plaintiff with all motions and correspondence at his current address. Failure to do so in the future may result in the imposition of sanctions.

However, there is no indication before the court that any prejudice resulted at this time from the Defendants' failure to properly correspond with Plaintiff. Plaintiff did not indicate exactly what communication was misaddressed, but it appears to the court that it likely was Defendants' refusal to entertain his late discovery requests. As Defendants are correct in their assessment of the untimeliness of Plaintiff's second set of discovery requests, it does not appear to the court that Plaintiff was prejudiced by the delay in receiving the response. The court does note that Plaintiff had previously requested a stay of these proceedings due to an injured hand. That request was denied, but the court did indicate it would entertain extension requests as necessary. However, there is nothing in what is before the court to indicate Plaintiff was in need of additional time to propound additional discovery, nor is there any support for the possibility that his injury somehow affected his ability to propound discovery by the deadline. Plaintiff does not provide any reason for his delayed discovery requests. As there are proper motions to compel before the court, there does not appear to be any need to extend the discovery deadline for any new discovery requests, and the court can address the outstanding discovery issues without extending the new discovery deadline. Accordingly, Plaintiff's request for an additional 90 days to complete discovery will be denied as to any proposed new discovery.

As to his motions to compel, in his first motion, Plaintiff alleges that he served a request for documents, a request for admissions, and interrogatories on at least some of the defendants on or about January 16, 2009; as of April 12, 2009, he had not received responses. In opposition, the Defendants indicate a response to Plaintiff's requests for admissions and documents were sent on or about March 2, 2009. However, they acknowledge the responses to Plaintiff's interrogatories were late and are still incomplete. In his reply brief, it appears that Plaintiff does not dispute that he received responses to his requests for admissions and

///

production of documents. It therefore appears the only discovery dispute at issue are the interrogatories Plaintiff propounded on or about January 19, 2009.[4]

        Federal Rule of Civil Procedure 37(a) provides that upon "notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . . A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . ." In addition, "[t]he court . . . may . . . order sanctions if . . .a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). Sanctions, including the payment of reasonable expenses, are to be awarded to the moving party if the motion is granted, unless the failure to respond was substantially justified. See Fed. R. Civ. P. 37(A)(5)(A), (d)(3).

        Here, Defendants acknowledge the responses to Plaintiff's interrogatories were served incomplete and untimely. Counsel argues that he acted in good faith in attempting to contact the individual defendants to obtain answers and verifications to the interrogatories, but belatedly ran into difficulties contacting the individuals due to retirement, health issues, and internal transfers to other prisons. In the meantime, responses to Plaintiff's interrogatories from several of the defendants were served on Plaintiff, on or about May 22, 2009.[5] Counsel indicates that these responses are complete, with the exception of Interrogatory number 7, which required the defendants to review Plaintiff's medical records prior to responding. That review is occurring simultaneously with the court's review of the motion to compel, and counsel expects a full response to be submitted to Plaintiff by June 30, 2009. In addition, responses from the remaining two defendants are expected to be served on Plaintiff by June 30, 2009.

---

[4] Plaintiff apparently propounded the interrogatory requests on Defendants Baroya, Baughman, O'Brien, Turella, Hirsch and Kordan.

[5] The responses served on or about May 22, 2009, were the responses from Defendants Baroya, Baughman, O'Brien and Turella. Still outstanding are the responses from Defendants Hirsch and Kordan.

To the extent Plaintiff is requesting an order compelling responses to his January 19, 2009 interrogatories, that request will be granted. Defendants will be ordered to provide responses to all interrogatories Plaintiff propounded on or about January 19, 2009, no later than July 8, 2009. To the extent Plaintiff is requesting monetary sanctions for the Defendants' failure to timely respond to his interrogatory requests, the court declines that request and finds counsel's explanation for the delay provides sufficient justification for the delay. Although the court finds counsel could have attempted to contact the individual defendants in a more timely manner, it does not appear counsel was acting with wilful intent to delay responding to the interrogatories. There does not appear to be any reason counsel could have reasonably expected seven of the individual defendants to be difficult to reach. Accordingly, monetary sanctions will not be awarded.

To the extent Plaintiff is requesting a default judgment in his favor as a sanction for Defendants' failure to timely respond to the discovery responses, the court finds no basis for such a sanction. Sanctions which terminate an action in favor of one party or another, such as a default judgment, are only available under Rule 37(b) for a party's failure to obey an order compelling discovery responses. See Fed. R. Civ. Proc. 37(b)(2)(A). Here, the court is granting Plaintiff's motion to compel, but no previous order has issued compelling a party to provide discovery responses. Such sanctions are unavailable for a failure to respond pursuant to a discovery/scheduling order, such as that issued in this case. See Doc. 86. Accordingly, the court finds no basis for issuing terminating sanctions at this time, and Plaintiff's request will be denied.

Finally, the court finds it appropriate to modify the schedule in order to accommodate the granting of Plaintiff's motion to compel. The court declines to modify the schedule to allow for additional discovery to be completed. However, the court will provide Plaintiff additional time to file a motion to compel further responses, if necessary, in regards to his interrogatory requests. In addition, given the status of discovery, the court also finds it

///

appropriate to extend the dispositive motion deadline.  Dispositive motions shall, therefore, be filed on or before October 1, 2009.

        Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for an extension of time to conduct additional discovery (Doc. 113) is denied;

    2.    Plaintiff's motion to compel discovery responses (Doc. 115) is granted;

    3.    Defendants are to provide complete responses to Plaintiff's interrogatories on or before July 8, 2009;

    4.    Plaintiff may file a motion to compel further responses to his interrogatories, if necessary, on or before July 20, 2009;

    5.    Plaintiff's motion for sanctions (Doc. 126) is denied; and

    6.    Dispositive motions, if any, are to be filed on or before October 1, 2009.

DATED: June 24, 2009

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE