IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | No. CIV S-05-2134-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MARSHA ONA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for sanctions (Doc. 135) against defense attorney Jonathan Paul.

Plaintiff is requesting sanctions for attorney Paul's failure to respond to a court order requesting a response from the Attorney General's office in regards to Plaintiff's motion to compel and extension of time. As the court stated in it's order, the discovery dispute to which the court was requesting a response was between Plaintiff and the Attorney General's office. Mr. Paul is not with the Attorney General's office, he is outside counsel retained to represent Dr. Vo. Although he was provided an opportunity to respond if he thought it necessary, there was no requirement that he file a response.

1

Accordingly, Mr. Paul did not fail to respond to a court order, and there are no grounds for which sanctions would be appropriate. Plaintiff's request for such sanctions will be denied.

In addition, Plaintiff has filed another request for the appointment of counsel (Doc. 194). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for sanctions (Doc. 135) is denied; and
2. Plaintiff's request for the appointment of counsel (Doc. 149) is denied.

DATED: August 31, 2009

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2