**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY E. MACK, | No. 2:05-CV-2134-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MARSHA ONA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a temporary restraining order (Doc. 193) and motion to stay these proceedings (Doc. 197).

Plaintiff's motion for temporary restraining order requests the court issue an order for injunctive relief against individuals who are not named as defendants in this action.  Plaintiff is complaining that several prison staff have improperly confiscated his legal property and medical devises.  However, none of the individuals involved in that alleged activity are defendants in this case.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

Plaintiff's request for a stay of these proceedings similarly must be denied. Plaintiff is requesting the court enter an order staying these proceedings until such time as his request for temporary restraining order can be entered.  As discussed above, no such order is appropriate.  If plaintiff believes his property[1] has been improperly confiscated, he may utilize the inmate grievance procedures at the prison, and/or file a separate action if he believes his constitutional rights have been violated.  However, there are no grounds for staying these proceedings, and such a request must be denied.

Based on the foregoing, the undersigned recommends that plaintiff's motion for a temporary restraining order (Doc. 193) and motion to stay (Doc. 197) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] In order to avoid additional issues in this matter, however, defense counsel may consider inquiring as to plaintiff's access to the documents necessary to proceed in this action.

2