IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,   No. 2:05-cv-2134-MCE-CMK-P

    Plaintiff,

  vs.   ORDER

MARSHA ONA, et al.,

    Defendants.

_____ /

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint (Doc. 24) against defendants Baughman, Hirsch, Kordan, O'Brien, Turella, Penner, Latteri, and Hill.

    The undersigned is aware that there are numerous pending motions and/or filings pending before the court. Given the length of the docket in this case, the court will require the parties to brief the court as to the status of this case. The court will require the parties to file and serve status reports which address the following: (1) which motions are outstanding, giving the court a brief summary of each pending motion and referencing the docket number[1], (2) whether

---

[1] The summary for each pending motion should be no longer than one short paragraph. The court will provide Plaintiff with a copy of the recent docket sheet for reference.

1

responses to any pending motions have been filed, including referencing the docket number for each response filed, (3) whether there are any pending motions for which responses have not been filed but one is anticipated, and if so, include a request for filing a late response, (4) whether there are any additional motions anticipated, (5) how much time the parties need to prepare any additional responses and/or anticipated motion, and (6) whether this case is amenable to mediation. The parties may also submit additional information as to the status of this case, but they are cautioned that the court expects the status reports to be brief. Status reports are not the means by which to argue the merits of any outstanding motion, but are designed to inform the court as to what issues are outstanding. The status reports are not to exceed ten pages in length, and are not to have exhibits attached. If either party decides additional briefing of any pending motion is necessary, they may inform the court in their status report providing the court with an estimate of how much time is necessary to file further briefs, and the reason for such additional briefing.

In addition, there are two unserved defendants remaining in this case. Process directed to defendant Hill was returned unexecuted as refused by the agency, and that personal service of defendant Hill was required (Doc. 190). In addition, the court was notified that service directed to defendant Latteri was returned unserved as he is deceased (Doc. 120). It is plaintiff's responsibility to provide sufficient information to serve the defendants. Plaintiff was previously informed that he had limited time in which to seek substitution of defendant Latteri (Doc. 122). See Fed. R. Civ. P 25(a)(1). No request for substitution has been received within the time provided. Plaintiff was also informed that it is his responsibility to timely serve the defendants, and failure to effect service may result in the dismissal of any unserved defendant (Doc. 43). See Fed. R. Civ. P. 4(m). It therefore appears proper to dismiss these two unserved defendants from this action in order to proceed on the remaining claims. If plaintiff objects to the dismissal of these two unserved defendants, he shall show good cause why they have not been served in order to avoid such dismissal. Alternatively, if plaintiff does not object to the dismissal of these two

unserved defendant, he may so inform the court in his status report.

The parties are warned that failure to file a status report which addresses the issues set forth above may result in the imposition of appropriate monetary and/or non-monetary sanctions, including dismissal of the action for failure to prosecute and comply with court rules and orders. <u>See</u> Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to provide Plaintiff with a copy of the Docket Sheet report, from May 1, 2009 to the present;

4. Plaintiff shall file and serve a status report, as detailed above, within 30 days of the date of this order;

5. Defendants shall file and serve a status report, as detailed above, within 20 days of the date Plaintiff's status report is filed; and

6. Plaintiff shall, within 30 days of the date of this order, show good cause why defendants Hill and Latteri should not be dismissed from this action.

DATED: April 13, 2018

  /s/ Craig M. Kellison
 **CRAIG M. KELLISON**
 UNITED STATES MAGISTRATE JUDGE