IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. MACK,    No. 2:05-cv-2134-MCE-CMK-P

    Plaintiff,

  vs.    ORDER

MARSHA ONA, et al.,

    Defendants.

                             /

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 13, 2018, the parties were directed to submit status reports addressing any motions currently outstanding awaiting court decision, including whether an opposition has been filed, if any response or additional response was necessary for any pending motion, and any anticipated motions. Pending before the court are the parties' responses to that order.

       The only motions identified by the parties which are pending and awaiting court decision are the two motions for summary judgment filed by the defendants (Docs. 155, 168). The parties identified an opposition has been filed by the plaintiff as to at least one of the pending motions (Doc. 175, 182, 183, ), as well as a statement of disputed facts (Doc. 184). The

1

court notes plaintiff filed additional responses to the motions (Docs. 182, 183, 186, 189, 195). No other motions were identified as awaiting court decision. As the parties were directed to specifically inform the court as to whether additional time or information was necessary for the pending motions to be fully briefed, and no party identified any other outstanding issue for the court to address, the court determines that all other pending motions are now moot and the two motions for summary judgment are ready to be addressed. Specifically, the court notes that plaintiff had, prior to his opposition being filed, requested additional time to address the motions for summary judgement. However, in his status report, plaintiff does not indicate that any additional discovery, briefing, or time is now required prior to the court addressing the motions for summary judgment. As such, the pending motions for summary judgment are considered fully briefed, and will be addressed by the court in a separate order. All other motions will be denied as moot.

The only other issue raised by the parties in the status report is the service of defendant Hill. The court authorized service of defendant Hill on May 19, 2009 (Doc. 123). Plaintiff provided documents necessary for service on June 15, 2009 (Doc. 132). The United States Marshal was then directed to serve defendant Hill based on the information plaintiff provided (Doc. 138). However, service was returned unexecuted as to defendant Hill on March 12, 2010 (Doc. 190). According to the return, service on defendant Hill was attempted at the address plaintiff provided, but was refused. It appears that the US Marshal sent defendant Hill a waiver of service on July 31, 2009. After no waiver was return, personal service was attempted on March 3, 2010. However, when the US Marshal went to the address indicated, they were directed to another office in which to serve office employees. When the US Marshal went to the secondary address, they were advised by staff counsel that the office could not receive the process as it did not involve Health Care Services and Health Care Services was not a party. They were told Elaine Hill would have to be served directly, but not at work due to state policy. It appears to the court that defendant Hill has insulated herself from the plaintiff being able to

effect service.  There is no indication in the return of service that the address plaintiff provided was not an adequate address as to where defendant Hill could be located.  As such, the court will request the Office of the Attorney General if they have any information as to how best to accomplish service of defendant Hill, or whether they are willing to accept service on her behalf in order to keep this case moving forward.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions for summary judgment (Docs. 155, 168) are deemed fully briefed and will be addressed by separate order;

2. All other motions pending before the court (Docs. 142, 148, 152, 153, 161, 171, 178) are denied as moot; and

3. The Office of the Attorney General is directed to inform the court within 30 days if they have any information as to how best to accomplish service of defendant Hill, or if they are willing to accept service on her behalf in order to keep this case moving forward.

Date: August 27, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE